D. L. LARSH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12621. Promulgated April 29, 1927.

*Tom F. Carey, Esq.,* for the petitioner.
*Arthur H. Murray, Esq.,* for the respondent.

GREEN: In this proceeding the petitioner seeks a redetermination of his income-tax liability for the year 1920, for which the Commissioner determined a deficiency in the amount of $1,444.23. The error

alleged is the disallowance of an alleged loss resulting from the sale of certain shares of stock.

### FINDINGS OF FACT.

Prior to the taxable year here in question the petitioner herein purchased 260 shares of the capital stock of the Artesia Alfalfa Milling Co. at a cost of $6,375. This company was organized to manufacture meal from alfalfa hay. The artesian wells which were the source of water supply for the alfalfa growers in that vicinity began to fail and in 1920 it was evident that the company could no longer hope to operate at a profit. During the year 1920 the petitioner herein sold 255 shares of said stock to his brother for the consideration of one dollar and assigned and delivered the stock certificates to the purchaser. This transfer was made upon the advice of counsel and for the express purpose of establishing losses on the stock.

The bill of sale given at the time the transfer was made contains the following recitation:

It is expressly understood that [this] is a Bona-fide sale without any reservations whatever. The stock represents no value to me for in my judgment the assets of the company if sold, would fall short several thousand dollars of paying its note indebtedness. You being in charge of the business should be entitled to the stock in preference to others. And if possible to make it of any value in the future, I will be glad to see you have the benefit.

A portion of the note indebtedness referred to in the quotation consisted of $15,000 loaned by the petitioner to the company in the year 1917. There has been paid upon the principal and interest of such note up to and including October 13, 1925, the sum of $120.

The Commissioner in his computation of the deficiency allowed no deduction for the loss sustained by reason of the sale.

The petitioner sustained a loss in the sum of $6,246.50.

*Judgment will be entered after 15 days' notice, under Rule 50.*